JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward Walls and Tonya Chavis-Walls

**DEFENDANTS**
Medtronic, Inc. and Medtronic USA, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Anoka County, MN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher A. Bradley, Esq. - The Swain Law Firm, P.C.
2410 Bristol Road, Bensalem, PA 19020
(215) 702-2708 - bradley@swainlawfirm.com

Attorneys *(If Known)*
Gregory T. Sturges, Esquire - Greenberg Traurig, LLP
1717 Arch Street, Suite 400, Philadelphia, PA 19103
(215) 988-7820 - sturgesg@gtlaw.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)
Brief description of cause:
Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/15/2019
SIGNATURE OF ATTORNEY OF RECORD: *Gregory T. Sturges*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 6440 Haverford Road, Philadelphia, PA 19151

Address of Defendant: 710 Medtronic Parkway Ls 290, Minneapolis, MN 55403

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/15/2019    *Gregory T. Sturges*    200992
            Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [✓] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Gregory T. Sturges, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 08/15/2019    *Gregory T. Sturges*    200992
            Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Edward Walls and Tonya Chavis-Walls | : | CIVIL ACTION |
| v. | : | |
| Medtronic, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

August 15, 2019     _Gregory T. Sturges_     Defendants Medtronic, Inc. and Medtronic USA, Inc.
**Date**     **Attorney-at-law**     **Attorney for**

(215) 988-7820     (215) 717-5238     sturgesg@gtlaw.com

**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

Civil Justice Expense and Delay Reduction Plan
Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD WALLS and TONYA CHAVIS-WALLS, <br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC, INC., MEDTRONIC USA, INC., and PHYSIO-CONTROL, INC., <br><br> Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Medtronic, Inc. and Medtronic USA, Inc. (the "Medtronic Defendants"), by and through their undersigned attorneys, remove this case from the Court of Common Pleas for Philadelphia County, Pennsylvania (the "Court of Common Pleas") to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support, the Medtronic Defendants state:

1.   On February 14, 2019, Plaintiffs Edward Walls and Tonya Chavis-Walls ("Plaintiffs"), filed a praecipe for writ of summons in the Court of Common Pleas naming the Medtronic Defendants and Physio-Control, Inc., in addition to Temple University Health System Foundation, Temple University of the Commonwealth System of Higher Education, Temple University Physicians and Surgeons, Inc., Temple University Physicians, Temple Physicians, Inc., Temple University Hospital, Temple University Health System, Inc., Temple University Hospital, Inc., and Patrick Connolly, M.D. (collectively, the "Temple Defendants") as defendants in this action.

1

2. Plaintiffs later reissued their writ of summons, and on March 1, 2019 served it on the Medtronic Defendants' Pennsylvania registered agent (CSC Corporation) via the Dauphin County sheriff.

3. On April 29, 2019, undersigned counsel entered his appearance for Defendant Medtronic, Inc.

4. Plaintiffs did not promptly file a complaint after submitting their writ of summons, and on June 17, 2019, because no complaint had been filed, the Court of Common Pleas entered an ordering requiring Plaintiffs to show cause why the case should not be dismissed for lack of prosecution.

5. On June 19, 2019, Plaintiffs dismissed their claims against the Temple Defendants with prejudice via a stipulation filed with the Court of Common Pleas.

6. On July 12, 2019, Plaintiffs filed their complaint in the Court of Common Pleas, naming the Medtronic Defendants and Physio-Control, Inc. (a company formerly owned by Medtronic, but sold in 2012) only.

7. On July 16, 2019, the Medtronic Defendants, through their undersigned counsel, were served with the complaint via the Court of Common Pleas' electronic filing and service system.

8. This case is removable to this United States District Court, pursuant to 28 U.S.C. § 1332(a)(1), because, as set forth below, this Court has original subject matter jurisdiction over this action between citizens of different states in which the amount in controversy exceeds $75,000.

### I. DIVERSITY OF PARTIES

9. Plaintiffs are Pennsylvania citizens, residing at 6440 Haverford Rd., Philadelphia, PA 19151. (*See* Compl. at Caption & ¶ 1) ("Plaintiffs Edward and Tonya Chavis-Walls, husband and wife, are adult individual sand [sic] citizen [sic] of the Commonwealth of Pennsylvania residing at the address listed above [in Philadelphia, Pennsylvania].").

10. Plaintiffs correctly allege that Defendant Medtronic, Inc. is a Minnesota corporation with its primary place of business in Minnesota. (*See* Compl. ¶ 2). Accordingly, Medtronic, Inc. is a citizen of Minnesota.

11. Plaintiffs correctly allege that Defendant Medtronic USA, Inc. is a Minnesota corporation with its primary place of business in Minnesota. (*See* Compl. ¶ 3). Accordingly, Medtronic USA, Inc. is a citizen of Minnesota.

12. Plaintiffs incorrectly allege that Defendant Physio-Control, Inc. is a Minnesota corporation with its primary place of business in Minnesota. (*See* Compl. ¶ 4). Instead, Physio-Control, Inc. is a Washington State corporation with its primary place of business in Washington State.

13. Accordingly, Plaintiffs are Pennsylvania citizens, Defendants are Minnesota and Washington State citizens, and the parties on each side of this action are completely diverse.

### II. AMOUNT IN CONTROVERSY

14. Removal is proper under 28 U.S.C. § 1446(c)(2)(B) if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

15. Under § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." The United States Supreme

Court has explained that "by borrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100-889, p. 71 (1988)) (internal quotation marks omitted). The Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id.* at 551, 553 (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008)). The general federal rule is that the amount in controversy is determined by the complaint itself. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *Hocker v. Kurfeld*, No. 15-04262, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015). "When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement." *Hocker,* 2015 WL 8007463 at *2 (citing *Angus*, 989 F.2d at 146).

16. Although the Medtronic Defendants deny any liability for Plaintiffs' alleged injuries and damages, the amount in controversy here clearly exceeds $75,000. Plaintiffs' Complaint contains a demand for "an amount in excess of Fifty Thousand ($50,000.00) Dollars together with interest, costs, delay damages and any other element of damages to which Plaintiff is entitled." (Compl. Unnumbered "WHEREFORE" Paragraph Following ¶ 53). Plaintiffs allege that Edward Walls underwent surgical implantation of a deep brain stimulator manufactured by the Medtronic Defendants, which was defective and failed to function properly, despite a subsequent surgical procedure where the device's battery was replaced. (Compl. ¶ 8–20).

17.     Plaintiffs enumerate the injuries they allege Defendants caused, including: "scars and scar tissue from the two surgeries, severe tremors, gait dysfunction, pain from nerve damage, embarrassment, humiliation, and deformity, some or all of which will be permanent in nature to her [sic] great detriment and lost [sic]." (Compl. ¶ 22). Plaintiffs also allege Defendants caused them to "endure pain, suffering, loss of life's pleasures, inconvenience, mental anguish, emotional distress, disfigurement, embarrassment and humiliation, all to his great detriment and loss, financial and otherwise." (Compl. ¶ 23). Based on these allegations, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., Hocker*, 2015 WL 8007463, at *2 (finding amount in controversy exceeded $75,000 where complaint alleged serious medical injuries and medical costs). Courts across the country regularly hold that cases involving serious physical injuries, such as those alleged here, satisfy the amount-in-controversy requirement. *See, e.g., Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (alleged damages to property, travel expenses, emergency ambulance trip, 6-day hospitalization, pain and suffering, humiliation, and an inability to do housework satisfied jurisdictional amount); *Garcia v. Owens-Brockway Glass Container Inc.*, No. LA CV16-01889 JAK (RAOx), 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016) (complaint seeking compensatory damages and damages for pain and suffering related to "severe injuries" is sufficient to demonstrate amount in controversy greater than $75,000) (gathering cases).

### III.     PROCEDURAL REQUIREMENTS FOR REMOVAL

18.     As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of the Medtronic Defendants' receipt, by service of process or otherwise, of the initial pleading on July 16, 2019.

19. Defendant Physio-Control, Inc. has not been served with the complaint to date, and therefore its consent is not needed under 28 U.S.C. § 1446(b)(2)(A) to remove this case at this time.

20. Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(a)(2) and 1441(a), because it is being filed in the federal judicial district embracing the Court of Common Pleas for Philadelphia County, Pennsylvania, where this action was originally filed. *See id.*

21. By filing this Notice of Removal, Defendants do not waive any rights or defenses, and expressly reserve all rights and defenses they may have with respect to Plaintiffs' Complaint, including without limitation the defenses listed in Federal Rule of Civil Procedure 12(b).

22. Copies of all process, pleadings, and orders on file with the Court of Common Pleas in this matter and served on Defendants are attached as **Exhibit A**.

23. Promptly after filing this Notice of Removal, Defendants will serve Plaintiffs and file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas to effect removal of this action to the United States District Court of the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the Medtronic Defendants hereby remove the above-captioned matter, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**GREENBERG TRAURIG LLP**

Dated: August 15, 2019

*Gregory T. Sturges*
Gregory T. Sturges (Pa. I.D. No. 200992)
1717 Arch St., Suite 400
Philadelphia, PA 19103
T 215.988.7820
F 215.717.5238
sturgesg@gtlaw.com

Lori G. Cohen (*pro hac* application forthcoming)
Evan C. Holden (*pro hac* application forthcoming)
Terminus 200
3333 Piedmont Rd. NE, Suite 2500
Atlanta, GA 30305
T 678.553.7320
F 678.553.2243
cohenl@gtlaw.com
holdene@gtlaw.com

*Attorneys for Defendants Medtronic, Inc. and Medtronic USA, Inc.*

7

## CERTIFICATE OF SERVICE

I, Gregory T. Sturges, hereby certify that on August 15, 2019, I served the foregoing **NOTICE OF REMOVAL** on all counsel/parties of record via ECF and U.S. mail as follows:

Andrew D. Swain, Esq.
Christopher A. Bradley, Esq.
THE SWAIN LAW FIRM
2410 Bristol Rd.
Bensalem, PA 19020
Tel 215.702.2708
Fax 215.750.0895
swain@swainlawfirm.com
bradley@swainlawfirm.com
***Attorneys for Plaintiffs***

Physio-Control, Inc.
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

*Gregory T. Sturges*
Gregory T. Sturges